UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUISE FODOR,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>THE HONORABLE JUDGE JENNIFER HARLACHER-SIBUM, *et al.*,<br><br>　　　　　　Defendants. | CIVIL ACTION NO. 3:25-CV-00647<br><br>(MEHALCHICK, J.) |

### ORDER

Presently before the Court is the June 3, 2025, report and recommendation of Magistrate Judge William I. Arbuckle ("the Report") (Doc. 12), recommending the Court dismiss Plaintiff Louise Fodor's ("Fodor") *pro se* amended complaint without granting leave to amend because her claims against Defendants the Judicial Conduct Board of Pennsylvania, the Disciplinary Board of the Supreme Court of Pennsylvania, and the Commonwealth of Pennsylvania (collectively, the "Pennsylvania Defendants") are barred by the Eleventh Amendment and because her claims against Defendant Judge Jennifer Harlacher-Sibum ("Judge Harlacher-Sibum") are barred by the *Younger* Abstention Doctrine. (Doc. 12, at 7-14). The Report also recommends the Court deny Fodor's motion to expedite proceedings (Doc. 3) as moot. (Doc. 12, at 15). The Report informed Fodor that she had 14 days to file an objection. (Doc. 12, at 17). On July 2, 2025, Fodor filed a "Notice of Appeal" but called the Court the next day to inform the Court that her "Notice of Appeal" should have been filed as an objection to the Report. (Doc. 13). Although Fodor mislabeled this objection and filed it after the 14-day deadline to file an objection had passed, under the liberal pleading standards for *pro se* plaintiffs, the Court will consider Fodor's objection. *See Erickson v. Pardus*, 551 U.S.

89, 94 (2007) (stating "[a] document filed *pro se* is 'to be liberally construed'") (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Wright v. Curcillo*, No. 1:21-CV-00481, 2022 WL 20033342, at *1 (M.D. Pa. Jan. 14, 2022) (considering a *pro se* plaintiff's late-filed objection to a report and recommendation). Based on the Court's review of Fodor's objection along with the Report, Fodor's objection (Doc. 13) is **OVERRULED**, and the Report (Doc. 12) will be **ADOPTED IN ITS ENTIRETY**.

I. **LEGAL STANDARD**

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a Report and Recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)).

## II. Discussion

Since the Report correctly states the procedural and factual background of this case, it will not be repeated in its entirety here. (Doc. 12). However, the necessary background for the purpose of the instant Order is as follows. Fodor initiated this *pro se* action by filing a complaint on April 10, 2025. (Doc. 1). On April 10, 2025, Fodor filed a motion for leave to proceed in *forma pauperis* which Judge Arbuckle granted on April 28, 2025. (Doc. 2, Doc. 6). Also on April 10, 2025, Fodor filed a motion to expedite proceedings. (Doc. 3). Fodor filed the operative amended complaint on May 28, 2025. (Doc. 11). The amended complaint alleges that Judge Harlacher-Sibum violated the First and Fourteenth Amendments of the United States Constitution by issuing various allegedly biased rulings in a state child custody proceeding. (Doc. 11). The amended complaint also alleges that the Pennsylvania Defendants violated the First and Fourteenth Amendments by refusing to investigate Judge Harlacher-Sibum's alleged bias after Fodor filed various complaints. (Doc. 11, at 11). Judge Arbuckle screened the amended complaint in accordance with 28 U.S.C. § 1915(e)(2) and recommended that the amended complaint be dismissed as to the Pennsylvania Defendants because Fodor's claims are barred by the Eleventh Amendment. (Doc. 12, at 7-8). Judge Arbuckle next recommended that Fodor's claims against Judge Harlacher-Sibum be dismissed under the *Younger* Abstention Doctrine. (Doc. 12, at 9-14). Judge Arbuckle explained that under the *Younger* Abstention Doctrine, absent clear bad faith or extraordinary circumstances, courts should abstain from issuing injunctive or declaratory relief which interferes with state child custody proceedings that are 1) judicial in nature, 2) implicate an important state interest, and 3) afford adequate opportunity to raise federal claims. (Doc. 12,

at 9-14). Judge Arbuckle determined that the *Younger* Abstention Doctrine applied to Fodor's child custody proceedings and recommended dismissal on that basis. (Doc. 12, at 9-14). Judge Arbuckle further recommended that Fodor be denied leave to amend because amendment would be futile due to Fodor's claims being barred by both the Eleventh Amendment and the *Younger* Abstention Doctrine. (Doc. 12, at 14-15). Finally, Judge Arbuckle recommended that Fodor's motion to expedite proceedings be denied as moot. (Doc. 12, at 16). Fodor's objection asserts that the Report was flawed because she was not afforded a hearing and because Judge Jennifer Harlacher-Sibum and the Pennsylvania Defendants violated her rights under the First and Fourteenth Amendment. (Doc. 13, at 2). This objection does not respond to Judge Arbuckle's findings.

After reviewing the relevant filings, the Court finds no error in Judge Arbuckle's conclusion that Fodor's amended complaint should be dismissed. (Doc. 12). The Court finds Judge Arbuckle's analysis to be well-reasoned and supported by the applicable law. (Doc. 12). Courts in this Circuit have held that even though *pro se* pleadings must be liberally construed, "courts should not assume the role of advocate and dismissal is proper where claims are supported only by vague and conclusory allegations." *Coley v. Beard*, No. CIVA 3:05CV2290, 2006 WL 1670253, at *5 (M.D. Pa. June 13, 2006). Courts overrule objections when they lack legal foundation and are "more commentary than recognizable substantive objection." *Coley*, 2006 WL 1670253, at *4 (overruling *pro se* objections that are vague and unintelligible and stating "[p]laintiff's filings are more in the nature of a fishing expedition where he would have the [c]ourt accept as factual allegations what are more accurately characterized as bald assertions or legal conclusions and assume the role of advocate in fashioning a legal theory

for him."); *see also Booker v. Shannon*, No. CIV.A. 00-CV-2055, 2003 WL 22872039 (E.D. Pa. Dec. 2, 2003) (overruling objections where they are "vague" and without facts to establish legitimacy of legal conclusions). Further, a magistrate judge is not required "to hold a hearing prior to issuing a report and recommendation." *McArdle v. Verizon Commc'ns Inc.*, 567 F. App'x 116, 118 (3d Cir. 2014). Fodor's objection is more a commentary than a substantial objection and Judge Arbuckle was not required to hold a hearing prior to issuing the Report. (Doc. 13). Accordingly, the Court agrees with Judge Arbuckle's conclusion that Fodor's amended complaint should be dismissed. (Doc. 12).

### III. LEAVE TO AMEND

The Court again finds no clear error in the Report recommending that leave to amend be denied. (Doc. 12, at 14-15). The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp*, 293 F.3d 103, 108 (3d Cir. 2002). Granting leave to amend would be futile here because Fodor's claims are barred by the Eleventh Amendment and the *Younger* Abstention Doctrine. *See Jones v. Delaware Health,* 709 F. App'x 163, 164 (3d Cir. 2018) (nonprecedential) (finding amendment futile where claims are barred by the Eleventh Amendment); *see also Williams v. Butler*, No. CV 24-1425-GBW, 2025 WL 1755286, at *2 (D. Del. June 25, 2025) (finding amendment futile where claims are barred by the *Younger* Abstention Doctrine). As such, the Court adopts with the Report's recommendation to deny leave to amend.[1] (Doc. 12, at 14-

---

[1] Because the Court adopts the Report's recommendation to dismiss the amended complaint without leave to amend, the Court also adopts the Report's recommendation to deny Fodor's motion to expedite proceedings (Doc. 3) as moot. (Doc. 12, at 15)

15). However, the Court also adopts the Report's recommendation that Fodor's claims "be dismissed without prejudice to [Fodor]'s ability to raise the substance of her claims in an appropriate forum." (Doc. 12, at 15).

## IV. CONCLUSION

The Court agrees with the Report's sound reasoning and discerns no error of law. Accordingly, **IT IS HEREBY ORDERED THAT** the Report (Doc. 12) is **ADOPTED IN ITS ENTIRETY** as the opinion of the Court. As Fodor is denied leave to amend, the Clerk of Court is directed to **CLOSE** this case.

Dated: August 28, 2025                          *s/ Karoline Mehalchick*
                                                        **KAROLINE MEHALCHICK**
                                                        **United States District Judge**